UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO BOTELLO-RANGEL,<br><br>    Petitioner,<br>v.<br><br>IMMIGRATION AND CUSTOMS<br>ENFORCEMENT (ICE), *et al.*,<br><br>    Respondents. | Civil No. 14cv0645 JAH (WVG)<br><br>**ORDER GRANTING PETITIONER'S APPLICATION FOR TEMPORARY RESTRAINING ORDER [DOC. # 2] AND SETTING A BRIEFING SCHEDULE AND HEARING DATE FOR PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

On March 20, 2014, petitioner Sergio Botello-Rangel ("petitioner") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, along with a application for a temporary restraining order. Petitioner seeks an order restraining and enjoining respondents Immigration and Customs Enforcement (ICE), Daniel Ragsdale, Acting Director of ICE, and Gregory Archambealt, San Diego Field Director of ICE ("respondents") from incarcerating or detaining petitioner until a preliminary injunction motion can be heard and decided or, alternatively, for an immediate ruling on the instant writ of habeas corpus. *See* Doc. # 2 at 2-3. Because petitioner filed his application *ex parte*, this Court deemed it appropriate to direct petitioner to serve respondents with the application prior to this Court's ruling. Petitioner filed proof of service upon respondents at 3:26 p.m. on March 20, 2014.

Now, after a careful consideration of the pleadings presented, this Court finds that plaintiff has sufficiently met the requirements for issuance of a temporary restraining order

pursuant to Rule 65 of the Federal Rules of Civil Procedure, in that plaintiff has sufficiently demonstrated irreparable harm and a likelihood of success on the merits of his claims as well as that serious questions going to the merits of plaintiff's claims have been raised and the balance of hardships tip sharply in plaintiff's favor.  <u>Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS</u>, 306 F.3d 842, 873 (9th Cir. 2002); <u>Sun Microsystems, Inc. v. Microsoft Corp.</u>, 188 F.3d 1115, 1119 (9th Cir. 1999); <u>Roe v. Anderson</u>, 134 F.3d 1400, 1402 (9th Cir. 1998).  Therefore, this Court deems it appropriate to grant plaintiff's application for a temporary restraining order enjoining respondents from incarcerating or detaining plaintiff until a preliminary injunction may be heard and decided.  This Court finds that the posting of a security bond is not required in this case.  *See* Fed.R.Civ.P. 65(c).  In addition, this Court deems it appropriate to set a hearing date and briefing schedule for petitioner's motion for preliminary injunction.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application for a temporary restraining order [doc. # 2] is **GRANTED and entered on March 21, 2014 at 1:00 p.m.;**

2. Respondents are hereby **ENJOINED AND RESTRAINED** from incarcerating or detaining plaintiff until a preliminary injunction may be heard and decided;

3. Petitioner's application for a temporary restraining order shall serve as petitioners's motion for preliminary injunction;

4. Petitioner's motion for preliminary injunction is set for hearing before this Court on **March 28, 2014 at 11:30 a.m.**  Respondents shall file and serve their opposition to the motion **no later than 12:00 noon on March 25, 2014.** Petitioner's reply shall be filed and served **no later than close of business on March 26, 2014**.

//
//
//
//

1      IT IS FURTHER ORDERED that this temporary restraining order will expire on
2 March 28, 2014 at 11:30 a.m. absent further order of the Court.
3 Dated:     March 21, 2014

                                             JOHN A. HOUSTON
                                             United States District Judge